AO 245 B (Rev. 06/05) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

VS.

JAMES BARLOW

JUDGMENT IN A CRIMINAL CASE

CASE NUMBER: **3:05-CR-290-06**
USM NUMBER: **13655-067**

**JAMES A. GIBBONS**
Defendant's Attorney

**THE DEFENDANT:**
[x] pleaded guilty to count __I of the Superseding Indictment__ .
[ ] pleaded nolo contendere to count(s)_____
  which (was)(were) accepted by the court.
[ ] was found guilty on counts _____ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title/Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC § 846 | Conspiracy to Manufacture, Distribute and Possess with Intent to Distribute in Excess of 500 Grams of Methamphetamine | 8/2/05 | -1- |

The defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ] The defendant has been found not guilty on count(s)_____ .
[ ] Count _____ is dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence or, mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in the defendant's economic circumstances.

**JUNE 21, 2007**
Date of Imposition of Sentence

JAMES M. MUNLEY, U.S. DISTRICT JUDGE
MIDDLE DISTRICT OF PENNSYLVANIA

6/22/07
Date

★U.S.GPO:1990-722-448/10286

AO 245 B (Rev.06/05) Judgment in a Criminal Case, Sheet 2 - Imprisonment

**Defendant: JAMES BARLOW**  
**Case Number: 3:05-CR-290-06**

Judgment-Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>NINETY THREE (93) MONTHS.</u>

You can appeal your conviction if you believe that your guilty plea was somehow unlawful or involuntary, or if there is some other fundamental defect in the proceedings that was not waived by your guilty plea. You also have a statutory right to appeal your sentence under certain circumstances, particularly if you think the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within 10 days after sentence is imposed on you. If you are unable to pay the cost of an appeal, you may apply for leave to appeal in forma pauperis. If you so request, the Clerk of the Court will prepare and file a notice of appeal on your behalf.

[x] The court makes the following recommendations to the Bureau of Prisons:

The Court recommends to the Bureau of Prisons that the defendant participate in the 500 hour drug treatment program.
The Court recommends that the Bureau of Prisons designate FCI Safford, Arizona as the place for service of this sentence.

[x] The defendant is remanded to the custody of the United States Marshal.
[ ] The defendant shall surrender to the United States Marshal for this district.

    [ ] at_____ a.m./p.m. on _____.
    [ ] as notified by the U.S. Marshal.
[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    [ ] before 2 p.m. on _____.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the probation office.
[ ] The defendant is to contact the United States Marshal's Office no later than three days prior to the above date to be notified of the place
    of confinement.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at

_____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy Marshal

Defendant: JAMES BARLOW  
Case Number: 3:05-CR-290-06

Judgment-Page 3 of 6

## SUPERVISED RELEASE

**Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS.**

Within seventy-two (72) hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, shall comply with the standard conditions that have been adopted by this Court, and shall comply with the following additional conditions:

1. The defendant shall submit to one drug test within 15 days of release from custody and at least two periodic drug tests thereafter;
2. The defendant shall cooperate in the collection of a DNA sample as directed by the Probation Officer; and
3. The defendant shall pay the balance of the restitution in minimum monthly installments of $100.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.
[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
[ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable).
[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable).

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached pages.

AO 245 B (Rev. 06/05) Judgment in a Criminal Case, Sheet 3 B- Supervised Release

Defendant: **JAMES BARLOW**
Case Number: **3:05-CR-290-06**

Judgment-Page __4__ of __6__

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to such controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time a home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) the defendant shall refrain from possessing a firearm, ammunition, destructive device, or other dangerous weapon.
15) the defendant shall participate in a program of testing and treatment for drug abuse, as directed by the Probation Office, until such time as you are released from the program by the Probation Officer.
16) the defendant shall notify the Court and U.S. Attorney's Office of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution, fines or special assessments.
17) the defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Officer unless the defendant is in compliance with the installment schedule for payment of restitution, fines or special assessments.
18) the defendant shall provide the Probation Officer with access to any requested financial information.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)_____          _____
                                                  Date

_____                   _____
U.S. Probation Officer/Designated Witness         Date

AO 245 B (Rev. 06/05) Judgment in a Criminal Case, Sheet 5 - Criminal Monetary Penalties

Defendant: JAMES BARLOW
Case Number: 3:05-CR-290-06

Judgment-Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine | Restitution |
|--------|------------|------|-------------|
| Totals:| $ 100.00   | $    | $ 4,367.20  |

The Court finds that the defendant does not have the ability to pay a fine, but he shall immediately make restitution of $4,367.20 to the Clerk, U.S. District Court for disbursement to the Drug Enforcement Administration ($,2,567.20) and the Pennsylvania State Police ($1,800). This sum shall be payable during the period of incarceration only for the purpose of the inmate participating in the Bureau of Prisons Inmate Financial Responsibility Program with the payment of any balance to be a condition of supervised release. Payment of interest is waived.

It is ordered that the defendant shall pay to the Clerk, U.S. District Court, a special assessment of $100.00. This sum is due immediately.

[ ] The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case (AO 245 C) will be entered after such determination.

[x] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. 3664(i), all non federal victims must be paid before the United States is paid.

| NAME OF PAYEE | TOTAL LOSS | RESTITUTION ORDER | PRIORITY OF PERCENTAGE |
|---|---|---|---|
| Drug Enforcement Administration | $2,567.20 | | |
| Pennsylvania State Police | $1,800.00 | | |
| TOTALS | $4,367.20 | | 100% |

[ ] Restitution amount ordered pursuant to plea agreement $_____.

[ ] The defendant shall pay interest on restitution and fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. 3612(g).

[x] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:
    [x] the interest requirement is waived for the   [ ] fine [x] restitution.
    [ ] the interest requirement for the [ ] fine [ ] restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245 B (Rev. 06/05) Judgment in a Criminal Case, Sheet 6, Part B-Financial Penalties

Judgment-Page __6__ of __6__

Defendant: **JAMES BARLOW**
Case Number: **3:05-CR-290-06**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are be due as follows:

A [x] Lump sum payment of **$100.00** due immediately, special assessment.
    [ ] not later than_____ or
    [ ] in accordance with [ ] C, [ ] D, [ ] E [ ] F below; or
B [ ] Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below): or

C [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or
D [ ] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence_____ (e.g., 30 or 60 days) after release from imprisonment to a term of Supervision; or
E [ ] Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The Court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or
F [ ] Special instructions regarding the payment of criminal monetary penalties:

The Court finds that the defendant does not have the ability to pay a fine, but he shall immediately make restitution of $4,367.20 to the Clerk, U.S. District Court for disbursement to the Drug Enforcement Administration ($,2,567.20) and the Pennsylvania State Police ($1,800). This sum shall be payable during the period of incarceration only for the purpose of the inmate participating in the Bureau of Prisons Inmate Financial Responsibility Program with the payment of any balance to be a condition of supervised release. Payment of interest is waived.

It is ordered that the defendant shall pay to the Clerk, U.S. District Court, a special assessment of $100.00. This sum is due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

[ ] Joint and Several
    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.